**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY EPPS,**

                      **Plaintiff,**

  vs.                                              **1:10-CV-1101
                                                          (MAD/CFH)**

**THE CITY OF SCHENECTADY, JOHN DOE,
individually and in his capacity as an employee
of The City of Schenectady, New York Police
Department,**

                      **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

HENRY EPPS
4 Columbia Street
Apt. 4
Schenectady, New York 12308
*Plaintiff Pro Se*

BAILEY, KELLEHER & JOHNSON, P.C.      William C. Firth, Esq.
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, New York 12205
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Plaintiff commenced the within action pursuant to 42 U.S.C. § 1983 claiming that defendants The City of Schenectady and John Doe ("defendants") violated his constitutional rights. Plaintiff also asserted state law causes of action for battery and negligence. On August 28, 2012, defendants filed a motion seeking summary judgment and dismissal of plaintiff's complaint. On February 27, 2013, the Court issued an Order granting defendants' motion. (Dkt.

No. 32). On the same day, the Court issued a separate Judgment in favor of defendants. (Dkt. No. 33).

On April 24, 2013, plaintiff filed a motion for permission to proceed with his appeal *in forma pauperis* and filed a Notice of Appeal with a letter attached to said Notice. (Dkt. Nos. 37, 38). On May 3, 2013, the Court issued an Order denying plaintiff's request without prejudice to renew in compliance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure. (Dkt. No 40). On May 10, 2013, in response to that Order, plaintiff filed a renewed application to proceed with his appeal *in forma pauperis*. (Dkt. No. 42). On May 30, 2013, this Court issued an Order denying plaintiff's request to proceed *in forma pauperis*. (Dkt. No. 45).

On July 26, 2013, the United States Court of Appeals for the Second Circuit issued a Mandate deferring a ruling on plaintiff's motion for leave to proceed *in forma pauperis* on his appeal and remanding the case to the District Court with directions to construe plaintiff's letter (Dkt. No. 38) as a request for an extension of time to file a notice of appeal from the underlying judgment. The Circuit directed this Court to decide whether such motion should be granted.

## DISCUSSION

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Mears v. Montgomery*, 512 F. App'x 100, 102 (2d Cir. 2013) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. *Id.*

**I.     Rule 4(a)(5)**

Federal Rule of Appellate Procedure 4(a)(5) provides:

>   Motion for Extension of Time.
>   (A) The district court may extend the time to file a notice of appeal if:

2

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> ( C ) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

"The power of federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed." *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000). "[T]he Second Circuit views this time limit as a 'strict jurisdictional deadline,' and therefore, 'a court may not 'revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired.'" *Gue v. Suleima,* 2013 WL 323437, at *1 (S.D.N.Y. 2013) (citing *Mendes*, 215 F.3d at 311). The district court lacks the authority to grant an extension of time to file a notice of appeal after the expiration of Rule 4(a)(5)'s thirty-day grace period. *Bouchard v. New York Archdiocese,* 458 F. App'x 37, 38 (2d Cir. 2012) (citing *Cohen v. Empire Blue Cross and Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (where pro se plaintiff's motion for an extension of time to file a notice of appeal was filed outside the thirty-day grace period, "the district court lacked jurisdiction to [rule] on the merits and should have dismissed it for lack of jurisdiction.")).

If a motion for an extension of time to file an appeal is submitted in accordance with the grace period set forth in Rule 4(a)(5), the district court must also analyze whether the movant has demonstrated "excusable neglect or good cause." *Silivanch v. Celebrity Cruise, Inc*., 333 F.3d

3

355, 363 (2d Cir. 2003). The Advisory Committee Notes for the 2002 Amendments to Rule 4, Fed. R. App. P., explain that "excusable neglect" and "good cause" are distinctly different standards:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Bass v. NYNEX*, 2004 WL 2674633, at *1 -2 (S.D.N.Y. 2004) (citing Rule 4, Fed. R. App. P., Advisory Committee Notes, Subdivision (a)(5)(A)(ii) (The "good cause" standard applies, for example, if "the Postal Service fails to deliver a notice of appeal.")).

Factors to be considered in evaluating excusable neglect include: "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch*, 333 F.3d at 366. The majority of district and appellate courts find that first two factors favor the moving party. *Id.* ("delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal. And rarely in the decided cases is the absence of good faith at issue"). Thus, Courts generally focus "the reason for the delay, including whether it was within reasonable control of the movant." *Id.*

On February 27, 2013, this Court granted defendants' motion for summary judgment. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, plaintiff had thirty days from the date judgment was entered against him to file a notice of appeal. Thus, plaintiff's notice was due on March 27, 2013. Plaintiff filed a notice of appeal on April 24, 2013. Plaintiff's notice of appeal was untimely filed on April 24, 2013, fifty-four days after entry of the judgment. A letter addressed to the Clerk of the U.S. District Court was filed with plaintiff's notice of appeal. In that letter (which is partially illegible), plaintiff explains, "I apologize for submitting [sic] in timely manner due to my illness [sic] I suffer from blood cancer". Upon the direction of the Second Circuit, the Court construes plaintiff's letter, filed on the same day, as a motion for an extension of time. Plaintiff's motion is timely made within the 30-day grace period prescribed by Rule 4(a)(5). *See Myers v. New York City Human Rights Com'n*, 2006 WL 2053317, at *1 (S.D.N.Y. 2006) (the plaintiff met the first criteria of Rule 4(a)(5) since he submitted his motion within sixty days after judgment was entered).

However, the Court cannot end the inquiry there. Plaintiff must also demonstrate good cause or "excusable neglect". In this instance, the governing standard for plaintiff's motion is "excusable neglect" as opposed to "good cause," because the need for the extension was caused by something within his control. In *Myers*, the Court discussed the "excusable neglect" standard:

> Courts evaluating excusable neglect generally take into account (1) potential prejudice to the non-moving party, (2) the length of the delay and the resulting impact on judicial proceedings, (3) the reason for the delay, including the extent to which it was within the control of the moving party, and (4) whether the moving party acted in good faith. The first, second, and fourth factors usually favor the moving party. The delay could not have exceeded thirty days beyond the deadline to appeal or the motion would be barred altogether. Since the delay is necessarily brief, the likelihood of prejudice to the non-moving party is minimal. Indeed, in this case the Commission has indicated that it does not oppose Mr. Myers's motion. And, it is rare that the moving party has not acted in good faith. Nevertheless, courts focus on the

5

> third factor-the reason for the delay-and rarely grant an extension
> where the moving party has simply failed to follow a straightforward
> rule.

*Myers*, 2006 WL 2053317, at *2 (internal citations and citations omitted).

Viewing plaintiff's submission in a light most favorable to the *pro se* movant, the Court nevertheless finds that the motion must be denied because plaintiff has failed to set forth excusable neglect for his failure to timely file the notice of appeal. *See Bass*, 2004 WL 2674633, at *1 (the plaintiff relied upon his job schedule as his justification for excusable neglect, but offered no reason, credible or otherwise, why his travel schedule would have interfered with the simple act of filing an appeal pro se). "Illness of counsel has been regarded as valid grounds for excusable neglect where 'the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.'" *Active Glass Corp. v. Architectural and Ornamental Iron Workers Local Union 580,* 899 F.Supp. 1228, 1231 (S.D.N.Y.1995) (citing, *inter alia, Islamic Republic of Iran v. Boeing*, 739 F.2d 464, 465 (9th Cir. 1984) ("illness involved diarrhea, vomiting, and a five pound weight loss over 36 hours")). Here, plaintiff did not provide any information or documentation regarding his illness and did not explain why his illness rendered him unable to timely file a notice of appeal. *See Fetik v. New York Law Sch.,* 1999 WL 459805, at *4 (S.D.N.Y. 1999). While the Court is sympathetic, plaintiff's statement that he suffers from blood cancer, without any supporting documentation, does not amount to "excusable neglect". *See Anyanwutaku v. Wilson*, 2006 WL 1663407, 2 -3 (D.D.C. 2006) (the plaintiff did not explain how his cancer diagnosis prevented him from filing a one-page form with the Court within the ample allotted time frame). Indeed, plaintiff's illness did not prevent him from traveling to the courthouse in Albany on April 5, 2013 to inquire about this Court's ruling nor did it prevent him from filing a submission related to that

inquiry. On April 11, 2013, plaintiff filed a letter to "express [his] disgust for the conduct of [a] clerk" and requested "clarification" of the Memorandum-Decision and Order issued on February 27, 2013.[1] (Dkt. No. 35). Plaintiff did not discuss or mention his illness in that correspondence nor did he indicate that he would be filing an appeal or that his illness would impact that filing. While a party's *pro se* status is relevant in determining whether there has been excusable neglect, it does not excuse a litigant from complying with procedural rules. *See Myers*, 2006 WL 2053317 at *2 (citation omitted).

Even assuming plaintiff's illness impacted his ability to timely file, the Court previously discussed the merits of plaintiff's appeal in the prior Memorandum-Decision and Order:

> Given plaintiff's *pro se* status, the Court carefully reviewed the record and based upon this Court's decision on defendants' motion for summary judgment (Dkt. No. 32), the Court finds that an appeal would not be taken in good faith. *See id.* (holding that, "the clarity of the relevant legal standards and the extensive litigation already had on the issues sought to be raised on appeal, the Court finds that an appeal by plaintiff on the bases articulated in her affidavit in support of the instant motion would not be in good faith as required by section 1915"). *See id.* (holding that, "the clarity of the relevant legal standards and the extensive litigation already had on the issues sought to be raised on appeal, the Court finds that an appeal by plaintiff on the bases articulated in her affidavit in support of the instant motion would not be in good faith as required by section 1915").

(Dkt. No. 45, p. 3).

## II.  Rule 4(a)(6)

Rule 4(a)(6) governs a Motion to Reopen the Time to File an Appeal:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

---

[1] The Court responded to that submission, on the same day, with a text order. (Dkt. No. 36).

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> ( C) the court finds that no party would be prejudiced.

Here, the record here shows copies of the judgment and notice of right to appeal were mailed to plaintiff on the date judgment was entered. Plaintiff does not argue that he did not receive said judgment. Accordingly, plaintiff is not entitled to any relief under Rule 4(a)(6). *See Conerly v. Int'l Business Machines Corp.*, 29 F. App'x 688, 690 (2d Cir. 2002).

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that plaintiff's motion for an extension of time to file a notice of appeal (Dkt. No. 38) is denied; it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this Order, together with a copy of plaintiff's motion (Dkt. No. 38) upon defendants' counsel; it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this Order upon plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: August 16, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge